IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

DIANE TRUDDLE, KAYLYN TRUDDLE,                                          PLAINTIFFS
RICKY CARMICHAEL, and RICKY CARMICHAEL, JR.,
all individually and as wrongful death beneficiaries
of Eric Carmichael, deceased and on behalf of
the Estate of Eric Carmichael, deceased

v.                                         CIVIL ACTION NO. 2:11-cv-00207-GHD-SAA

WYETH, LLC; SCHWARZ PHARMA, INC.;
and ALAVEN PHARMACEUTICALS, LLC                                         DEFENDANTS

MEMORANDUM OPINION GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Presently before this Court in this *pro se* products liability case is a motion for summary judgment [79] filed by Defendants Alaven Pharmaceuticals, LLC and Wyeth, LLC. Upon due consideration of the motion and corresponding memorandum, letter response, and related authorities, the Court finds that the motion should be granted.

*A. Factual and Procedural Background*

This lawsuit arises from the tragic death of nineteen-year-old Eric Carmichael ("Mr. Carmichael"). The Plaintiffs allege the following facts in support of their claims: On June 9, 2008, Mr. Carmichael was admitted to the hospital with complaints of chest pain and gastritis. He was diagnosed with a gastric ulcer, gastritis, and esophagitis. His doctor prescribed Reglan/metoclopramide, relying on the information he had about the drug. Although Mr. Carmichael took the drug as directed and prescribed, he began suffering from side effects ranging from hallucinations, extreme restlessness (akathisia), feelings of craziness, and suicidal desires. On June 19, 2008, Mr. Carmichael secretly obtained a hand-gun and went to his room at his mother's house, purportedly to take a nap. His mother tried to get in touch with someone

1

who could refer her son to a psychiatrist. Meanwhile, Mr. Carmichael moved a bookcase to block the door, sent a text to a friend stating that he was "now resting in peace," and took his own life with a self-inflicted gunshot wound to the right temple.

The Plaintiffs, Diane Truddle, Kaylyn Truddle, Ricky Carmichael, and Ricky Carmichael, Jr., individually and as wrongful death beneficiaries of Eric Carmichael, Deceased, bring this suit against the manufacturers of the drug, asserting claims for negligence, strict liability, breach of warranty, misrepresentation and fraud, and negligence *per se* based on the Defendants' alleged failure to warn of the risks of their products.[1] The Plaintiffs initially filed claims against the manufacturers of both the brand-name Reglan and the manufacturers of the generic metoclopramide. However, the Court dismissed the claims against the generic manufacturers as preempted by the United States Supreme Court's decision *PLIVA, Inc. v. Mensing*, —— U.S. ——, 131 S. Ct. 2567, 180 L. Ed. 2d 580 (2011). The only remaining claims are those asserted against the manufacturers of the brand-name Reglan: Wyeth, LLC; Schwarz Pharma, Inc.; and Alaven Pharmaceuticals, LLC. Defendants Wyeth, LLC and Alaven Pharmaceuticals have now filed a motion for summary judgment on the remaining claims.[2]

*B. Summary Judgment Standard*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). *See* FED. R. CIV. P. 56(a); *Johnston & Johnston v. Conseco Life Ins. Co.*, 732 F.3d 555, 561 (5th Cir. 2013). The rule "mandates the

---

[1] The Plaintiffs initially brought this action in the Circuit Court of Desoto County with the assistance of counsel. Subsequently, the Plaintiffs' counsel filed a motion to withdraw, which was granted in state court. The case was then removed to this Court. The Plaintiffs proceed *pro se*.

[2] Apparently, the Defendant Schwarz Pharma, Inc. was never served with a summons and complaint. *See* Clerk's Notices of Incomplete Process [36, 46, & 63].

entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *See id.* at 323, 106 S. Ct. 2548. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

It is axiomatic that in ruling on a motion for summary judgment "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tolan v. Cotton*, ―― U.S. ――, ――, 134 S. Ct. 1861, 1863, 188 L. Ed. 2d 895 (2014) (per curiam) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)); *see, e.g., Ard v. Rushing*, --- F. App'x ---, 2014 WL 7356134, at *4 (5th Cir. Dec. 29, 2014) (per curiam) (quoting *United Fire & Cas. Co. v. Hixson Bros., Inc.*, 453 F.3d 283, 285 (5th Cir. 2006) (on summary judgment, " '[w]e view the evidence in the light most favorable to the non-moving party' ")). The Court " 'resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts.' " *Thomas v. Baldwin*, --- F. App'x ---, 2014 WL 7235529, at *1 (5th Cir. Dec. 19, 2014) (per curiam) (quoting *Antoine v. First Student, Inc.*, 713 F.3d 824, 830

(5th Cir. 2013) (internal quotation marks and citation omitted)). "[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Id.* (quoting *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

"[A] 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Cotton*, 134 S. Ct. at 1866 (quoting *Anderson*, 477 U.S. at 249, 106 S. Ct. 2505); *see Stewart v. Guzman*, 555 F. App'x 425, 430 (5th Cir. 2014) (per curiam) (citing *Vaughn v. Woodforest Bank*, 665 F.3d 632, 635 (5th Cir. 2011) (In ruling on a summary judgment motion, "[w]e neither engage in credibility determinations nor weigh the evidence.")). With the foregoing standard in mind, the Court turns to the issues before it.

*C. Analysis and Discussion*

In their motion for summary judgment, the Defendants argue that the remaining claims must be dismissed pursuant to the Fifth Circuit Court of Appeals' recent holding in *Lashley v. Pfizer, Inc.*, 750 F.3d 470 (5th Cir. 2014), because the summary-judgment evidence shows that Mr. Carmichael ingested only the generic metoclopramide and never ingested the brand-name Reglan manufactured by the Defendants. The Plaintiffs submit a letter response seemingly indicating their understanding that the law is not on their side, but nonetheless imploring this Court to find in their favor.

Although this Court affords greater latitude to *pro se* plaintiffs, realizing that such plaintiffs do not have the benefit of counsel, the Court cannot allow a case to proceed to trial based on "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *See Thomas*, 2014 WL 7235529, at *1 (quoting *Hathaway*, 507 F.3d at 319). *See also Bishop v. City of Galveston, Tex.*, --- F. App'x ---, 2014 WL 7235163, at *5 (5th Cir. Dec. 19, 2014) (per

curiam) ("to defeat [a] motion for summary judgment, . . . requires an evidentiary showing, not just allegations in a complaint"); *Russell v. Harrison*, 736 F.2d 283, 287 (5th Cir. 1984) ("[A] plaintiff cannot establish a genuine issue of material fact by resting on the mere allegations of its pleadings."). The Plaintiffs' claims must be dismissed, because the summary-judgment proof before the Court demonstrates Mr. Carmichael took the generic metoclopramide, and the Plaintiffs have raised no genuine dispute of fact.

The Plaintiffs admit in their response to the Defendant's requests for admission that Mr. Carmichael ingested only the generic metoclopramide from June 14–19, 2008, four times daily. *See* Pls.' Resp. to Defs.' Reqs. Admiss. [79-6] ¶ 1. Walmart Pharmacy records attached to the Defendants' motion show that prescriptions were filled for the generic metoclopramide. *See* Walmart Pharmacy Rs. [79-4] at 3. The Plaintiffs state in their response to requests for admission that Mr. Carmichael "took Reglan June 12 around 9 PM, and on June 13[ ], 2008 at Baptist Hospital Desoto in Southaven. Refer to medical records." *See* Pls.' Resp. to Defs.' Reqs. Admiss. [79-6] ¶ 2. However, the Plaintiffs have not offered medical records substantiating this statement or otherwise provided proof that would raise a fact question on this issue. Although the Court recognizes the difficulty a *pro se* plaintiff faces in obtaining evidence to support his or her case, the Court cannot sustain a case past summary judgment if a plaintiff offers some form of proof in response. The only proof before the Court on this issue is the Defendants' attached affidavit of Ben Luk, the Director of Pharmacy Services at Baptist Memorial Hospital-Desoto, Inc. wherein he states:

> I currently serve as the Director of Pharmacy Services at Baptist Memorial Hospital-Desoto, Inc. ("BMH-Desoto"). I also held this same position in June 2008 when [Mr.] Carmichael was a patient at BMH-Desoto. As part of my job responsibilities, I oversee the procurement, storage[,] and distribution of pharmaceutical products throughout the BMH-Desoto hospital;

5

> The medical records of [Mr.] Carmichael reflect that following a physician order that [Mr.] Carmichael be administered the pharmaceutical metoclopramide, nursing staff administered a single 5[ ] mg dose of metoclopramide to [Mr.] Carmichael . . . .

Luk Aff. [79-3] ¶¶ 2–3. Therefore, the summary-judgment proof demonstrates that Mr. Carmichael took metoclopramide, not Reglan. Mississippi products liability law does not impose liability in this factual situation, as explained below.

The United States Food and Drug Administration (the "FDA") regulates the labeling of both brand-name drugs and generic drugs. *See* 21 C.F.R. § 314.50(c)(2)(i) (brand-name drugs); 21 C.F.R. § 314.94(a)(8) (generic drugs). "Before a manufacturer can market a new drug, the FDA must approve 'that it is safe and effective and that the proposed label is accurate and adequate.' " *Eckhardt v. Qualitest Pharms., Inc.*, 751 F.3d 674, 676 (5th Cir. 2014) (quoting *Mensing*, 131 S. Ct. at 2574).

"The Mississippi Products Liability Act ('MPLA') applies 'in any action for damages caused by a product' and requires a plaintiff to prove that it was the defendant's product that caused the injury." *Lashley*, 750 F.3d at 476–77 (quoting MISS. CODE ANN. § 11–1–63); *see also Monsanto Co. v. Hall*, 912 So. 2d 134, 136–37 (Miss. 2005). Mississippi's products liability laws "shield the companies from liability for products they did not create." *Lashley*, 750 F.3d at 476 (citing MISS. CODE ANN. § 11-1-63). Applying this principle to cases such as this, "brand-name manufacturers are not liable for injuries caused by a plaintiff['—]s ingestion of generic products." *Johnson v. Teva Pharms. USA, Inc.*, 758 F.3d 605, 616 n.3 (5th Cir. 2014). Further, "a brand-name manufacturer does not owe a duty to consumers who use a generic version of the drug." *Eckhardt*, 751 F.3d at 681; *see Lashley*, 750 F.3d at 477 (citing *Moore ex rel. Moore v. Miss. Valley Gas Co.*, 863 So. 2d 43, 46 (Miss. 2003) ("[I]t is incumbent upon the plaintiff in any

products liability action to show that the defendant's product was the cause of the plaintiff's injuries.")). The Fifth Circuit's holdings are consistent with other circuit courts of appeals confronted with the issue and applying various states' laws. *See Eckardt*, 751 F.3d at 681–82 (citing *Guarino v. Wyeth, LLC*, 719 F.3d 1245, 1252 (11th Cir. 2013) (same under Florida law); *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1282–1285 (10th Cir. 2013) (same under Oklahoma law); *Strayhorn v. Wyeth Pharm., Inc.*, 737 F.3d 378, 401–06 (6th Cir. 2013) (same under Tennessee law); *Bell v. Pfizer, Inc.*, 716 F.3d 1087, 1092–1093 (8th Cir. 2013) (same under Arkansas law); *Smith v. Wyeth, Inc.*, 657 F.3d 420, 423–24 (6th Cir. 2011) (same under Kentucky law), *cert. denied*, —— U.S. ——, 132 S. Ct. 2103, 182 L. Ed. 2d 868 (2012); *Foster v. Am. Home Prods. Corp.*, 29 F.3d 165, 170–71 (4th Cir. 1994) (same under Maryland law)).

Therefore, based on Fifth Circuit precedent and Mississippi law, "because [Mr. Carmichael] did not ingest the brand manufacturers' products, these [D]efendants have no common-law duty to [the Plaintiffs]." *See id.* at 476. Therefore, the Plaintiffs have no possibility of prevailing on their products liability, negligence, and misrepresentation claims against the brand-name Defendants and summary judgment is proper on these claims.

Insofar as the Plaintiffs have alleged a fraud claim against the Defendants, the Plaintiffs fail to allege sufficient facts for the claim to survive summary judgment. Fraud claims are subject to the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure, which requires a party to plead "the circumstances constituting fraud . . . with particularity." FED. R. CIV. P. 9(b). "Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (internal quotation marks omitted). In their amended complaint, the Plaintiffs allege that the Defendants "misrepresented to the FDA, [Mr. Carmichael], and the health care industry

the safety and effectiveness of Reglan/metoclopramide and/or fraudulently, intentionally[,] and/or negligently concealed material information, including adverse information regarding the safety and effectiveness of Reglan/metoclopramide." *See* Pls.' Am. Compl. [4] ¶ 127. These allegations, without further factual and evidentiary support, are not sufficient to sustain the claim past summary judgment. Therefore, summary judgment is proper on this claim, as well.

### D. Conclusion

The Court is very sympathetic and saddened by the set of circumstances presented in the case *sub judice*, but is powerless to sustain the claims against the Defendants. In sum, the Court finds that all remaining claims should be dismissed, because no genuine dispute of fact exists that would preclude summary judgment on the claims. Judgment is proper as a matter of law.

A separate order in accordance with this opinion shall issue this day.

THIS, the __12th__ day of January, 2015.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE